

In The

Court of Appeals

Seventh District of Texas at Amarillo

———

No. 07-25-00408-CV

———

FIRMUS CENTRO, LLC, APPELLANT

V.

ATX SELF-STORAGE, LLC, APPELLEE

On Appeal from the 419th District Court
Travis County, Texas[1]
Trial Court No. D-1-GN-19-008477, Honorable Catherine A. Mauzy, Presiding

August 12, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

This appeal is the second in the underlying dispute. In the first, this Court remanded the matter to the trial court with instructions to consider Appellant, Firmus Centro, LLC's, request for permanent injunction and attorney's fees in accordance with

---

[1] Originally appealed to the Third Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE § 73.001. We apply the Third Court's precedent to the extent it conflicts with our own. *See* TEX. R. APP. P. 41.3.

our opinion.[2]  On remand, the trial court entered an order concerning those matters. However, Firmus claims the trial court again abused its discretion.  It therefore appeals from the trial court's *Amended Final Judgment* awarding an injunction and attorney's fees. We modify the trial court's judgment in part, and, as modified, affirm the judgment as set forth herein.

## BACKGROUND

The conflict giving rise to this appeal involved an easement agreement between two adjoining commercial property owners.  In this Court's opinion disposing of the first appeal, we determined the trial court abused its discretion when it failed to grant Firmus a permanent injunction against ATX for obstructing vehicular ingress and egress.  This Court also found Firmus was the prevailing party under the easement agreement and therefore, was entitled to attorney's fees.  We remanded the matter to the trial court for "consideration of Firmus's request for permanent injunction and a determination of Firmus's attorney's fees in accordance with this opinion."

On remand, the trial court entered a permanent injunction as follows:

> It is HEREBY ORDERED that ATX and its representatives, agents, servants, representatives, and all persons or entities acting in active concert or participation with ATX are hereby ordered to refrain from and are hereby immediately permanently enjoined from interfering with Firmus's rights of ingress and egress across the Driveway Easement Areas dedicated by the Lot 2 Owner as illustrated in Exhibit "C" to the Easement Agreement for Reciprocal Access and Parking and located on ATX's property at 6901 IH-35 North in Austin, Texas . . . .

---

[2] *Firmus Centro, LLC v. ATX Self-Storage, LLC*, No. 07-23-00171-CV, 2024 Tex. App. LEXIS 8152 (Tex. App.—Amarillo Nov. 22, 2024, pet. denied) (mem. op.).

2

"Interfering" as used in this Amended Final Judgment means blocking more than 10 feet of the subject easement Driveway Easement Areas, such that less than 15 feet of contiguous space is left for vehicular and pedestrian traffic to pass.

Notwithstanding the foregoing, no finding of contempt shall issue based on this Permanent Injunction unless Firmus has shown all of the following beyond a reasonable doubt:

- The person parking the interfering vehicle or placing the interfering obstacle was an ATX owner, an ATX employee, or an invitee to ATX's premises; and
- If the person parking the interfering vehicle or placing the interfering obstacle was not an ATX owner or employee, then:
  - ATX has been provided written notice of the interfering vehicle or obstacle, generally describing the vehicle or obstacle and its location on the property **(via email *********)**; and
  - ATX has failed to instruct the person to move the interfering vehicle or obstacle within:
    - Ten (10) minutes if during ATX's posted office hours; or
    - one (1) hour if not during ATX's posted office hours; and
  - In the event the person fails to comply with ATX's instructions to  move the interfering vehicle/obstacle, ATX has failed to call a towing service to remove the offending vehicle (or, if feasible, failed to move the offending non-vehicular obstacle) within ten (10) minutes after the instructions were given.

Additionally, by its order, the trial court adopted the findings of this Court concerning attorney's fees to be awarded to Firmus and awarded to it $79,000 plus additional appellate fees.  But, it further found ATX prevailed "as to another main issue . . . of at least equal importance . . . and is therefore also entitled to an award of its reasonable attorney's fees associated with that summary judgment victory."  It awarded to ATX attorney's fees in the amount of $273,000 plus additional appellate fees.  It found

3

that when the Amended Final Judgment became final and non-appealable, "it will become a judgment in ATX's favor for the net sum of $194,000.00."

ANALYSIS

Issue One—Permanent Injunction

By its first issue, Firmus argues the trial court abused its discretion by entering a narrow injunction that did nothing to prevent ATX's ongoing breach of the parties' driveway easement and, instead, placed an improper heightened burden on Firmus to remediate any breach. We agree and sustain the issue.

We review a trial court's decision concerning a permanent injunction for an abuse of discretion. *Wiese v. Healthlake Cmty. Ass'n*, 384 S.W.3d 395, 399 (Tex. App.—Houston [14th Dist.] 2012, no pet.). A trial court abuses its discretion when its decision is arbitrary, unreasonable, or without reference to any guiding rules or principles. *Id.* (citing *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985)).

The purpose of injunctive relief is to "halt wrongful acts that are either threatened or in the course of accomplishment." *Wiese*, 384 S.W.3d at 399. "Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained." *Gilbreath v. Horan*, 682 S.W.3d 454, 543 (Tex. App.—Houston [1st Dist.] 2023, pet. denied) (citing TEX. R. CIV. P. 683). Therefore, an injunction must be as "definite, clear, and precise as possible and when practicable it should inform the defendant of the acts he is restrained from

4

doing . . . ." *Gilbreath*, 682 S.W.3d at 543 (citing *Computek Computer & Office Supplies, Inc. v. Walton*, 156 S.W.3d 217, 220–21 (Tex. App.—Dallas 2005, no pet.)).  An injunction "must also be narrowly drawn and 'must not be so broad that it would enjoin a defendant from acting within its lawful rights").  Rule 683 does not impose a heightened standard of review in the context of civil injunctions of the nature before us.  TEX. R. CIV. P. 683.

In determining whether contempt is civil or criminal, we "examine the purpose behind the contempt order."  *In re JPMorgan Chase Bank, N.A.*, No. 13-25-00681-CV, 2026 Tex. App. LEXIS 3737, at *16 (Tex. App.—Corpus Christi Apr. 21, 2026, no pet.) (mem. op.).  Civil contempt is "remedial and coercive in nature," and "the contemnor carries the keys to the jail cell in his or her pocket since the confinement is conditioned on obedience with the court's order."  *Id.*  Conversely, "criminal contempt is punitive in nature—the contemnor is being punished for some completed act which affronted the dignity and authority of the court."  *Id.*

In our opinion disposing of the first appeal, we concluded, "Firmus's requested injunction is narrowly tailored and specific enough to address the particular conduct complained of, namely, the blocking of the driveway . . . [r]egardless of whether the trial court agreed with the specific language suggested by Firmus, it was required to grant an injunction upon request to prohibit future offending behavior by ATX.  The failure to do so was an abuse of discretion."  *Firmus Centro*, 2024 Tex. App. LEXIS 8152, at *10.  On remand, the trial court was presented with the same proposed injunction from Firmus.  It did not enter that injunction, however.  Rather, it imposed the injunction as set forth above.

5

Under the injunction put in place by the trial court, Firmus can only establish a finding of contempt is warranted if it can show beyond a reasonable doubt that it has fully complied with the requisites set forth in the imposed injunction. Such a standard places a very high burden on Firmus and is, in fact, a standard not typically found in civil law. *See In re Stoddard*, 619 S.W.3d 665, 674 (Tex. 2020) (commitment proceeding under the Sexually Violent Predators Act that noted the case was the "unusual civil case incorporating the 'beyond a reasonable doubt' burden of proof typically reserved for criminal cases"). Rule 683 and accompanying case law do not impose, or appear to authorize, this heightened burden in the context like that before us.

We therefore modify the injunction entered by the trial court by deleting the "beyond a reasonable doubt" language from the paragraph stating, "[n]otwithstanding the foregoing, no finding of contempt shall issue based on this Permanent Injunction unless Firmus has shown all of the following beyond a reasonable doubt . . . ."

We note also Firmus argues that under the injunction put in place by the trial court, Firmus, not ATX, bears the burden of monitoring and providing written notice of any interfering vehicle or obstacle. The trial court was tasked with implementing an injunction narrowly tailored and specific enough to address the particular conduct complained of, namely, the blocking of the driveway. While the injunction tailored by the trial court does place the burden of monitoring and notifying upon Firmus, we cannot say such placement was an abuse of discretion by the trial court. Therefore, with the exception of the modification set forth above, we do not disturb the remainder of the trial court's permanent injunction.

Issue Two—Attorney's Fees

Via its second issue, Firmus contends that in light of this Court's previous opinion stating, "Firmus was the prevailing party, not ATX," the trial court erred by both "nominating ATX a prevailing party in the amended final judgment and awarding ATX $273,000 in attorneys' fees, plus additional contingent appellate attorneys' fees."[3]

In our opinion disposing of the first appeal, this Court concluded ATX was not a prevailing party because it did not obtain actual relief on any claim. *Firmus Centro*, 2024 Tex. App. LEXIS 8152, at *15–16. Further, we found the "legal relationship between ATX and Firmus was materially altered by the jury's verdict, and ATX could not be the 'prevailing party' for purposes of awarding attorney's fees." *Id.* at *16. We determined the trial court erred by awarding ATX attorney's fees and reversed the trial court's judgment "as to the attorney's fees awarded to ATX." We remanded the matter for "a determination of Firmus's attorney's fees in accordance with this opinion."

On remand, the trial court awarded to Firmus attorney's fees in the amount of $79,000, plus $12,000 for representation in the court of appeals, plus a total of $21,000 for representation at the petition for review stage, merits briefing, and oral argument in the Supreme Court. However, it also found ATX prevailed on another claim and awarded it attorney's fees in the amount of $273,000 plus additional appellate fees. It also found

---

[3] In the alternative, Firmus claims that even if ATX is a prevailing party, the trial court abused its discretion by awarding attorney's fees that were unsupported by legally or factually sufficient evidence and that significantly exceeded the amount ATX tried to tie to the single issue on which the trial court adjudged it a prevailing party. Given our disposition of Firmus's second issue, we need not consider its alternative argument.

that when the Amended Final Judgment became final and non-appealable, "it will become a judgment in ATX's favor for the net sum of $194,000.00."

That order directly contradicts this Court's ruling concerning the prevailing party and attorney's fees. It also directly contradicts the provision in the easement agreement providing that only the prevailing party is entitled to recover attorney's fees. "The trial court, however, has no authority to take any action that is inconsistent with or beyond what is necessary to give full effect to the appellate court's judgment and mandate." *Scott Pelley P.C. v. Wynne*, 578 S.W.3d 694, 699 (Tex. App.—Dallas 2019, no pet.); *see also Spicer v. Maxus Healthcare Partners, LLC*, No. 02-21-00423-CV, 2023 Tex. App. LEXIS 1009, at *4 (Tex. App.—Fort Worth Feb. 16, 2023, no pet.) (mem. op.). The trial court must observe and carry out the mandate of the court of appeals, and its orders carrying out the mandate are ministerial. *Scott Pelley P.C.*, 578 S.W.3d at 699. The scope of the mandate is determined by looking at the mandate itself as well as the opinion of the court. *Spicer*, 2023 Tex. App. LEXIS 1009, at *6. Additionally, the appellate court's judgment is final, "not only in reference to the matters actually litigated, but as to all other matters that the parties might have litigated and had decided in the cause." *Scott Pelley*, 578 S.W.3d at 699. We determined Firmus to be the prevailing party and directed the trial court on remand to determine Firmus's attorney's fees, not ATX's. The trial court went beyond our mandate and therefore, abused its discretion.[4] We sustain Firmus's issue.

---

[4] We note also ATX sought review of the attorney's fees issue in the Texas Supreme Court. The Court denied the petition.

8

## CONCLUSION

We modify the portion of the *Amended Final Judgment* concerning the permanent injunction by deleting the language requiring proof of "beyond a reasonable doubt" as set forth herein. *See* TEX. R. APP. P. 43.2. We further modify the *Amended Final Judgment* by deleting the award of attorney's fees to ATX, and, as modified, affirm the judgment.


Alex Yarbrough
Justice